UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

LAURA CROMER,

Plaintiff,

-against-

WALMART STORES EAST, INC. d/b/a WALMART SUPERCENTER,

Defendants.

---------------------------------------------------------------------- X

**VERIFIED COMPLAINT**

CIVIL ACTION NO.: 1:25-cv-39 (MAD/DJS)

**PLAINTIFF'S VERIFIED COMPLAINT FOR RELIEF**

Plaintiff LAURA CROMER, complaining of the Defendant, WALMART STORES EAST, INC. d/b/a WALMART SUPERCENTER, by her attorneys, CAITLIN ROBIN & ASSOCIATES, PLLC, respectfully alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action for personal injuries and conscious pain and suffering sustained by Plaintiff LAURA CROMER, arising out of an incident that occurred on or about May 23, 2023, at approximately 2:35 p.m., inside Walmart Supercenter #2116, located at 891 Route 9 in Queensbury, County of Warren, New York, as a result of the negligence of Defendant WALMART STORES EAST, INC. d/b/a WALMART SUPERCENTER in the maintenance, operation, and control of their premises, and in the hiring, training, retention, and supervision of their agents, servants, staff and/or employees.

## PARTIES

2. Plaintiff, LAURA CROMER, is and was at all times herein a resident of the state of New York, residing at 33 Elizabeth Lane in Queensbury, New York 12804.

3. At all times hereinafter mentioned, Defendant WALMART STORES EAST, INC. d/b/a WALMART SUPERCENTER (hereinafter "WALMART SUPERCENTER"), is a corporation incorporated under the laws of Arkansas with a principal place of business in the State of New York.

4. At all times hereinafter mentioned, Defendant WALMART SUPERCENTER was and still is a domestic corporation authorized to do business in the State of New York.

5. At all times hereinafter mentioned, Defendant WALMART SUPERCENTER is a corporate entity that owned and operated a store located at 891 Route 9 in Queensbury, County of Warren, State of New York 12804.

6. At all times hereinafter mentioned, Defendant WALMART SUPERCENTER owned the building and premises located at the aforementioned address.

7. At all times hereinafter mentioned, Defendant WALMART SUPERCENTER hired, retained, trained, and supervised the persons working at the aforementioned store located at the aforementioned address.

8. At all times hereinafter mentioned, Defendant WALMART SUPERCENTER, by their agents, servants, staff and/or employees operated, controlled, managed, and supervised the aforementioned building and premises located at the aforementioned address.

## JURISDICTION AND VENUE

9. Jurisdiction is predicated upon 28 U.S.C. §1332(a)(1). Jurisdiction is predicated upon diversity of citizen and amount.

10. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

11. Venue is proper in this District under 28 U.S.C. §1391 because Defendant transacts business in the district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Additionally, Defendant receives substantial compensation and profits from sales in this District so as to subject them to *in personam* jurisdiction in this District.

## STATEMENT OF CLAIM: AS TO PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT HEREIN FOR PERSONAL INJURY

12. That at all times hereinafter mentioned, Plaintiff LAURA CROMER was lawfully on Defendant's aforementioned premises.

13. That at all times hereinafter mentioned, Defendant WALMART SUPERCENTER had a duty to hire, retain, train, and manage competent and safe staff at the aforementioned premises.

14. That at all times mentioned herein, Defendant WALMART SUPERCENTER, their agents, servants, staff and/or employees, had a non-delegable duty to provide a safe premises at the aforementioned location for use by members of the general public, including Plaintiff.

15. That on May 23, 2023, at approximately 2:35 p.m., Plaintiff LAURA CROMER, while lawfully on Defendant's aforementioned premises, was in the bread aisle reaching down to the bottom shelf when a Defendant employee ran into her with a cart dolly, knocking Plaintiff to the ground and causing her to sustain severe and serious personal injuries due to Defendant's negligent, careless and/or reckless ownership, operation, management, supervision, and control of their premises as well as their agents, servants, staff and/or employees.

16. That the aforesaid occurrence was caused solely by the negligence, carelessness, and recklessness of Defendant herein and without any negligence on the part of Plaintiff LAURA CROMER contributing thereto.

17. That it was the duty of Defendant, their agents, servants, staff and/or employees to maintain and keep said premises, more specifically the bread aisle inside the premises in which Plaintiff was shopping, in a safe and proper condition, and that Defendants failed to do so.

18. That Defendant WALMART SUPERCENTER, their agents, servants, staff and/or employees, were negligent in the ownership, operation, management, maintenance, supervision and/or control of the subject premises; in carelessly, recklessly, and negligently causing and/or permitting and/or allowing said injuries to Plaintiff; in causing and/or permitting Plaintiff to walk and/or stand in a dangerous, trap-like, and unsafe area; in carelessly, recklessly, and negligently allowing the presence of a dangerous, trap-like, and unsafe condition; in allowing persons at the aforesaid location, including Plaintiff, to walk and/or stand in an area that was dangerous, trap-like, and unsafe; in carelessly, recklessly, and negligently failing to properly hire, retain, train, supervise, and manage their agents, servants, staff and/or employees; in carelessly, recklessly, and negligently failing to take suitable precautions to ensure the safety of persons at the aforesaid location, including Plaintiff; in carelessly, recklessly, and negligently failing to institute safety measures which could have prevented the occurrence herein; in carelessly, recklessly, and negligently failing to practice standard safety procedures and in deviating from said procedures;

and in carelessly, recklessly, and negligently failing to warn Plaintiff of the attendant perils and dangers of the aforesaid location, so as to have prevented the subject occurrence. The Plaintiff will also rely on the doctrine of *res ipsa loquitur*.

19. That as a result of the aforesaid, Plaintiff became sick, sore, lame, and disabled and suffered physical injuries, including but not limited to severe neck pain, back pain, hip pain, and reduced mobility; was caused to and did seek and obtain professional medical treatment and physical therapy; was caused to suffer great pain, agony, and mental anguish and verily believes that same will continue for a prolonged period of time and that said injuries are permanent in nature; and that Plaintiff has been unable to carry on her usual duties, hobbies, and vocation and will continue to be unable to carry on same, all to her damage.

20. As a result of the foregoing negligence of Defendant, WALMART STORES EAST, INC. d/b/a WALMART SUPERCENTER, their agents, servants, staff and/or employees, Plaintiff LAURA COMER was permanently injured, causing her to experience pain and mental anguish and to incur expenses, both past and future.

21. As a result of the negligence of Defendant, Plaintiff was damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this matter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in such a sum together with the costs and disbursements of this action, including attorney's fees and for other, further and different relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury in this action for all issues. Respectfully submitted on this 8th day of January 2025.

Dated: New York, New York
January 8, 2025

By: ____________________
Emma J. Wiegand, Esq.
Caitlin Robin & Associates, PLLC
*Attorneys for Plaintiff*

30 Broad Street Suite 702
New York, New York 10004
(646)-524-6026
emma@robinandassociates.com

TO: Walmart Stores East, Inc. d/b/a/ Walmart Supercenter
Store #2116
891 Route 9
Queensbury, NY 12804

702 S.W. 8th Street
Bentonville, Arkansas 72716

## ATTORNEY'S VERIFICATION BY AFFIRMATION

**EMMA J. WIEGAND,** an attorney duly admitted to practice before this Court and the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC**, attorneys of record for Plaintiff, LAURA CROMER. I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is because plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
January 8, 2025

EMMA J. WIEGAND, ESQ.